BILAL A. ESSAYLI
Acting United States Attorney
ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division
RAHUL R.A. HARI (Cal. Bar No. 313528)
ERIC L. MACKIE (Cal. Bar. No. Pending)
Assistant United States Attorneys
General Crimes Section
    1200 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-6159 / -3289
    Facsimile: (213) 894-0141
    Email:    Rahul.Hari@usdoj.gov
              Eric.Mackie@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:25-cr-00705-MEMF |
|---|---|
| Plaintiff, | GOVERNMENT'S MOTION *IN LIMINE* #2 TO PRECLUDE ANY REFERENCE TO, TESTIMONY REGARDING, OR ARGUMENT THAT DEFENDANT'S CONDUCT WAS PROTECTED BY THE FIRST AMENDMENT |
| v. | |
| ISAIAS LOPEZ, | |
| Defendant. | Hearing Date: Nov. 5, 2025<br>Hearing Time: 3:00 p.m.<br>Location:    Courtroom of the Hon. Maame Ewusi-Mensah Frimpong |

    Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorneys Rahul R.A. Hari and Eric L. Mackie, hereby submits this Motion in Limine to Preclude Any Reference to, Testimony Regarding, or Argument that Defendant's Conduct Was Protected by The First Amendment.

This motion in limine is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: October 27, 2025            Respectfully submitted,

BILAL A. ESSAYLI
Acting United States Attorney

ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division

         /s/
ERIC L. MACKIE
RAHUL R.A. HARI
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  INTRODUCTION**

This is not a First Amendment case.  Defendant Isaias Lopez is not charged with speech, expression, or protest activity, but with physical assault on a federal officer engaged in the performance of official duties.  This is plainly not constitutionally protected activity and any attempt to frame his conduct as constitutionally protected expression would be irrelevant, legally inaccurate, confuse the jury, and highly prejudicial under Federal Rules of Evidence 401, 402, and 403.  The government therefore moves to preclude any reference to, testimony regarding, or argument suggesting that defendant's conduct was protected by the First Amendment.

**II.  STATEMENT OF FACTS**

On August 8, 2025, defendant participated in a demonstration outside the Roybal Federal Building and U.S. Courthouse in Los Angeles.  Despite clear warnings from FPS officers not to enter the restricted "apron" area of federal property, defendant stepped onto the apron holding a professional-style DSLR camera.  He then moved within inches of FPS officers, pointed his camera directly into their faces, and struck Officer L.R. on the bridge of the nose with the camera lens.  When Officer L.R. pushed defendant's arm away and instructed him to move back, defendant shouted "fuck you" and shoved the officer in the chest.

**III. ARGUMENT**

    **A.    Whether Defendant's Conduct Is Protected by the First Amendment Is a Question of Law for the Court, Not a Question of Fact for the Jury**

It is well-established that district courts have broad discretion to limit a defendant's presentation to the jury. See Alford v. United States, 282 U.S. 687, 694 (1931) ("The extent of cross-examination with respect to an appropriate subject of inquiry is within the sound discretion of the trial court."). The Court -- not the jury -- must determine whether any aspect of defendant's conduct is protected by the First Amendment. See, e.g., United States v. Mongol Nation, 56 F.4th 1244, 1250 (9th Cir. 2023) ("We review de novo questions of law, including constitutional issues[.]") (citation omitted); see also United States v. Fuller, No. CR 23-209 (CKK), 2024 WL 4880497, at 8-9 (D.D.C. Nov. 25, 2024)* ("Whether the First Amendment protects any of Defendants' alleged conduct is a question of law suitable for scrutiny under Federal Rule of Criminal Procedure 29. But 'issues of law entirely independent of the ultimate issue of whether [Defendants] actually committed the crimes' with which they are charged are inappropriate to present to the jury.") (quoting United States v. Johnson, 605 F.2d 1025, 1027 (7th Cir. 1979))); United States v. Zeese, 437 F. Supp. 3d 86, 94 (D.D.C. 2020) (holding that once it determined the charged statute was constitutional as applied, defendants were precluded from presenting a First Amendment defense to the jury).

If defendant wished to raise a constitutional challenge, his procedural avenue was through Federal Rule of Criminal Procedure 12(b) (failure to state an offense) or Rule 29 (motion for judgment

of acquittal).  He did not do so.  Because the question of First Amendment protection is purely legal, defendant may not now circumvent that process by suggesting to the jury that the charged assault was protected activity.  Allowing such argument would misstate the law, confuse the issues, and invite nullification.  Accordingly, defendant should be precluded from presenting evidence, questioning witnesses, or making arguments to the jury about the First Amendment.

**B.    The Charged Conduct -- Physical Assault -- is Not Protected by the First Amendment**

It is no surprise defendant has not argued that his conducted is protected by the First Amendment and therefore not subject to prosecution.  His charged conduct involves force, not speech.  None of the crimes charged punish expressive activity.  The government's discovery, including multiple video recordings, shows that defendant physically struck a uniformed federal officer, shouted "fuck you," and pushed him.  None of this behavior falls within any protected expressive category.

The Supreme Court has long held that violence and physical obstruction are not protected expression. See Grayned v. City of Rockford, 408 U.S. 104, 116 (1972) ("[W]here demonstrations turn violent, they lose their protected quality as expression under the First Amendment."); Giboney v. Empire Storage & Ice Co., 336 U.S. 490, 498 (1949) (First Amendment does not protect "speech or writing used as an integral part of conduct in violation of a valid criminal statute"); United States v. Lee, No. 23-cr-368 (TNM), 2024 WL 4836401, at 3 (D.D.C. Sept. 30, 2024) (same).

Thus, any reference by the defense that defendant's physical assault was "expressive," "journalistic," or "protected protest activity" is legally incorrect and would misstate the law.

### C. Any First Amendment References or Arguments Would Be Irrelevant and Prejudicial Under Rules 401–403

Even if marginally relevant, such evidence or argument must be excluded under Rules 401, 402, and 403. Unmoored references to the First Amendment do not make it more or less probable that defendant intentionally assaulted a federal officer. Rather, such statements serve only to confuse the jury and invite them to substitute their own views of First Amendment jurisprudence for the law or, worse yet, base their verdict on other views wholly unrelated to the evidence.

As explained above, whether defendant's conduct falls within the scope of the First Amendment is purely a legal question. It is not one for the jury, which is untrained in First Amendment law or the scope of its protections. Because the issue is one of law, for the Court, and not the jury, any reference to the First Amendment should be excluded. Specifically, injecting references to the First Amendment or the "freedom of protest" or "freedom of the press" should be excluded under Rule 403. Repeated references to the First Amendment and the rights protected under it, without more, will only confuse the jury and lead them to believe it is a defense to defendant's conduct, when it is not. Thus, such references should be excluded under Rule 403 on this basis alone.

Such arguments create more than just confusion. They are also likely to mislead the jury by suggesting that the government is prosecuting defendant for his political views rather than for his physical assault of an officer. See Fed. R. Evid. 403 (authorizing

4

exclusion of evidence that risks confusing the issues or misleading the jury). Because these arguments are irrelevant and unfairly prejudicial, the Court should preclude any reference to or argument about the First Amendment at trial.

Lastly, the Court should exclude such references under Rule 403 because it risks subtle nullification. Courts have repeatedly rejected such nullification attempts. "[N]either a [d]efendant nor his attorney has a right to present evidence that is irrelevant to a legal defense to, or an element of, the crime charged." United States v. Scarmazzo, 554 F. Supp. 2d 1102, 1107 (E.D. Cal. 2008), aff'd sub nom. United States v. Montes, 421 F. App'x 670 (9th Cir. 2011). Any discussion of the "right to protest," "freedom of the press," or "peaceful demonstration" risks precisely the type of jury nullification the Ninth Circuit has condemned. See United States v. Lynch, 903 F.3d 1061, 1079 (9th Cir. 2018) ("Nullification is, by definition, a violation of the juror's oath to apply the law as instructed by the court.").

**IV. CONCLUSION**

For the foregoing reasons, the government respectfully requests that the Court grant this motion in limine and preclude the defense from making any reference to, introducing evidence of, or arguing that defendant's conduct was protected by the First Amendment or motivated by journalistic or expressive purposes.