CUAUHTEMOC ORTEGA (Bar No. 257443)
Federal Public Defender
REBECCA M. ABEL (Bar No. 298604)
(E-Mail: rebecca_abel@fd.org)
KYRA NICKELL (Bar No. 328816)
(E-Mail: kyra_nickell@fd.org)
Deputy Federal Public Defenders
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone: (213) 894-2854
Facsimile: (213) 894-0081

Attorneys for Defendant
ISAIAS LOPEZ

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> ISAIAS LOPEZ, <br><br> Defendant. | Case No. 2:25-cr-00705-MEMF <br><br> **DEFENDANT'S OPPOSITION TO GOVERNMENT'S MOTION *IN LIMINE* #3 TO PRECLUDE EVIDENCE OF ARREST** <br><br> Hearing Date: November 5, 2025 <br> Hearing Time: 3:00 p.m. <br> Hon. Maame Ewusi-Mensah Frimpong |

1 | Defendant Isaias Lopez, by and through his undersigned counsels of record, Rebecca M. Abel and Kyra Nickell, hereby opposes the government's motion *in limine* to preclude irrelevant and prejudicial evidence regarding Mr. Lopez' arrest in this case (Dkt. No. 32).

This motion is based on the attached memorandum of points and authorities, the attached exhibits, all files and records in this case, and any argument presented at any hearing on this matter.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED: October 30, 2025         By  /s/ *Rebecca Abel*
                                    REBECCA M. ABEL
                                    KYRA NICKELL
                                    Deputy Federal Public Defenders
                                    Attorney for ISAIAS LOPEZ

## MEMORANDUM OF POINTS AND AUTHORITY

## I. INTRODUCTION

In the second immediately after the alleged assault occurred, Inspector Leo Ranjo admits he "lunged at" Mr. Lopez, "grabbed his left arm and began pulling him towards" the Inspector. (Ex. A.) Inspector Ranjo pulled Mr. Lopez by the left arm several feet and then pushed him down onto the pavement.[1] Then, four officers, including Inspector Ranjo, stand or lie on top of him, holding his arms, legs, and neck down on the pavement.[2] One officer yanks violently at his right arm, while Inspector Ranjo forcefully bends Mr. Lopez' knees, holding him in a hog-tie position while his face is pressed into the floor and his arms are being cuffed.[3] At that point, the officers sit Mr. Lopez up, and then stand him up.[4] Inspector Ranjo was not done. Ranjo continues to scream in Mr. Lopez' face, while Mr. Lopez is handcuffed, first putting his finger in his face, and then pushing Mr. Lopez' face. Inspector Ranjo is so enraged that another officer has to push him back and calm him down.[5] During the arrest, Mr. Lopez is injured by the officers, causing the below cut to Mr. Lopez' hand:



---

[1] https://www.youtube.com/watch?v=Su6b3UMYTms at 00:09 to 00:15.

[2] *Id.* at 00:16 to 00:35; *see also* https://www.instagram.com/p/DNHpr-VO6vR/.

[3] https://www.youtube.com/watch?v=Su6b3UMYTms at 00:32 to 00:53; *see* Exhibit B, produced in discovery without Bates stamp on October 1, 2025, at 04:39 to 05:15.

[4] Ex. B at 05:15 to 05:43.

[5] *See* https://www.instagram.com/p/DNHpr-VO6vR/.

The government seeks to exclude the above evidence, all of which occurred within 1 minute of the alleged assault. This includes the video footage the government itself produced. The government may not like that the officers engaged in excessive, unjustified force, but that is not a reason to try to hide this information from the jury. Rule 401 and 403 do not preclude its admission. The evidence is highly relevant to Officer Ranjo's credibility and to Mr. Lopez' defense, and any prejudice caused by the officers own action must be borne by the them, not by Mr. Lopez. The evidence must be admitted.

## II. ARGUMENT

### A. Evidence of Mr. Lopez' arrest and his interactions with Inspector Ranjo are relevant.

Rule 401 permits the introduction of evidence "having *any* tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence" (emphasis added). Evidence that does not meet this definition is inadmissible. Fed. R. Evid. 402. However, Rule 401 sets a very low threshold for admissibility in framing the bar as "any tendency," rather than a specific, concrete, or direct "tendency." That is because the Court must be careful to allow the jury, and not the parties, to act as the final arbiter of fact.

The government claims that Mr. Lopez intentionally assaulted Inspector Ranjo when he "struck Officer L.R. with his camera and then pushed him in the chest." Dkt. 32 at 2. The defense disputes this. Thus, whether Mr. Lopez intentionally inflicted injury on Inspector Ranjo is a question of fact for the jury. The defense will also argue that any actions Mr. Lopez took were in response to Ranjo's use of force, or excessive force, were in self-defense.

The fact that Inspector Ranjo used excessive force in arresting Mr. Lopez is relevant to the defense's theory that Inspector Ranjo was acting out of anger, not duty, and targeted Mr. Lopez because he did not want to be photographed. Thus, the

excessive force nature of the arrest is relevant here because it shows that Ranjo was reacting in retaliation against Mr. Lopez and engaged in a *pattern* of excessive force from the moment of first encounter until the very end. The evidence in dispute is, thus, relevant for at least three important reasons.

**First**, it is relevant to bias and credibility. The fact that Inspector Ranjo engaged in excessive force against Mr. Lopez gives him an incentive to lie, including regarding whether Mr. Lopez or Inspector Ranjo acted first. Inspector Ranjo has an interest in framing Mr. Lopez as the aggressor because a finding of excessive, unlawful force can subject him to workplace discipline, social opprobrium, and liability. Because Ranjo's testimony will form the basis of the government's case, Mr. Lopez must be allowed to undermine his and the other officers' credibility, including with evidence that they have a motive to lie to justify their unlawful actions.

**Second**, the evidence is relevant because it supports Mr. Lopez' defense that Inspector Ranjo attacked him first. A jury can infer from the fact that Ranjo used excessive, unlawful force when arresting Mr. Lopez that he was willing to use such force from the onset as the initial aggressor. The government may disagree with that inference, but the government is not the finder of fact. It is common sense that video showing Inspector Ranjo applying excessive force to Mr. Lopez in the seconds immediately after the assault has a "tendency" to show he applied the similar unlawful force on first contact.

Additionally, in a recent Supreme Court case — although not a criminal case like this but in a directly analogous context of police/citizen confrontation, the Court unanimously held in a 1983 case that the reasonableness of an officer's use of force cannot be viewed in an isolated moment. *Barnes v. Felix*, 605 U.S. 73 (2025). More specifically, courts must consider "all the relevant circumstances" to evaluate whether an officer's use of force is reasonable. *Id.* at 76. A court deciding a use-of-force case, the court concluded, "cannot review the totality of the circumstances if it has put on chronological blinders." *Id.* at 82. Similarly here, the government cannot place

3

"chronological blinders" on the jury, preventing them from seeing what happened in the seconds immediately after the alleged assault in order to protect Inspector Ranjo from being forced to justify his post-assault actions.

Finally, the video of Mr. Lopez' arrest refutes the government and Inspector Ranjo's false factual claims and is essential for impeachment. In its motion, the government claims that Mr. Lopez "resisted" arrest. (Dkt. No. 32 at 2.) The videos of Mr. Lopez' arrest show that Mr. Lopez is not resisting. He, in fact, cannot resist because, as the videos show, he is being swarmed by four federal officers who are larger than him in height and build, equipped with riot gear, and pressing all of their weight on top of him. (*See supra* fns. 1-5.) Additionally, Inspector Ranjo claims in his signed statement that "due to the density of the crowd surrounding us, we all fell to the ground simultaneously." (Ex. A at 06.) The video evidence shows something very different: Inspector Ranjo pulled Mr. Lopez by the arm for several feet and then onto the ground with at least 3 additional officers piling on top of them. The video evidence of the arrest is relevant and admissible to impeach the lies in Inspector Ranjo's signed, written statement prepared the day after the alleged offense.

**B.      The arrest is not unfairly prejudicial, nor is it confusing, nor will it waste time.**

Rule 403 provides that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue waste of time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

It is understandable why the government does not want the jury to see evidence of Inspector Ranjo and his colleagues unlawful arrest of Mr. Lopez, it hurts their case; but that does not make this relevant evidence "unfairly prejudicial." Rather, it makes it all the more relevant and important.

As the Ninth Circuit has repeatedly held when the government seeks admission, over the defense's Rule 403 objections, "[t]he circumstances surrounding [the

4

defendant]'s arrest were properly ruled admissible by the trial judge." *United States v. Epperson*, 528 F.2d 48, 50 (9th Cir. 1975).

  To the extent the Court is concerned about unfair prejudice, there are alternative approaches it should take instead of exclusion. First, the Court will, at the parties' request, already be instructing the jury to set aside emotion and bias when deliberating. Rather than exclude the evidence, the Court can invite the government to propose additional limiting instructions to address its (unfounded) concerns. Second, the Court can allow the government to elicit context for the video footage from its witnesses, namely Inspector Ranjo. If the witnesses did nothing wrong, they should have no trepidation about explaining their actions and no unfair prejudice could ensue.

  The other Rule 403 reasons for exclusion cited by the government are nonsense. The short video footage of the post-arrest conduct (which totals less than 1 minute) is not going to unduly waste any time, confuse the issues, or mislead the jury. To the contrary, cutting off the video at an arbitrary point will leave the jury questioning, what happened next? To the extent the government is genuinely concerned about such issues, it can submit limiting instructions for the Court to review and deliver at the time the evidence is received.

# III. CONCLUSION

For the foregoing reasons, the defense respectfully requests that the Court deny the government's motion.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED: October 30, 2025    By  /s/ Rebecca Abel
REBECCA M. ABEL
KYRA NICKELL
Deputy Federal Public Defenders
Attorney for ISAIAS LOPEZ