CUAUHTEMOC ORTEGA (Bar No. 257443)
Federal Public Defender
REBECCA M. ABEL (Bar No. 298604)
(E-Mail: rebecca_abel@fd.org)
KYRA NICKELL (Bar No. 328816)
(E-Mail: kyra_nickell@fd.org)
Deputy Federal Public Defenders
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone: (213) 894-2854
Facsimile: (213) 894-0081

Attorneys for Defendant
ISAIAS LOPEZ

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>ISAIAS LOPEZ,<br><br>　　　　　　Defendant. | Case No. 2:25-cr-00705-MEMF<br><br>**DEFENDANT'S OPPOSITION TO GOVERNMENT'S MOTION *IN LIMINE* #4 TO EXCLUDE IMPROPER EVIDENCE AND PRECLUDE ARGUMENT SEEKING JURY NULLIFICATION**<br><br>**Hearing Date: November 5, 2025**<br>**Hearing Time: 3:00 p.m.**<br>**Hon. Maame Ewusi-Mensah Frimpong** |

Defendant Isaias Lopez, by and through his attorneys of record, Rebecca M. Abel and Kyra Nickell, hereby opposes the government's *motion in limine* to exclude improper evidence and preclude argument seeking jury nullification.

This motion is based on the attached memorandum of points and authorities, the attached exhibits, all files and records in this case, and any argument presented at any hearing on this matter.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED: October 30, 2025    By  */s/ Kyra Nickell*
KYRA NICKELL
REBECCA M. ABEL
Deputy Federal Public Defenders
Attorney for ISAIAS LOPEZ

# MEMORANDUM OF POINTS AND AUTHORITY

## I. ARGUMENT

The government's wide-sweeping motion seeks to "exclude evidence of and preclude argument regarding any discussion of United States immigration law or policy." Dkt. 34 at 3. The defense made clear during a meet and confer with government counsel that it will not argue for jury nullification. The government should not misuse judicial resources by moving to exclude evidence that the defense has no intention of admitting.

The government asserts that a broad swath of evidence has no possible relevance to any of the elements of the offense. Dkt. 34. The defense takes no issue with the Government's understanding of the law surrounding nullification. We do not contend that Mr. Lopez has a right to attempt a nullification defense, nor do we intend to present one. We disagree, however, that any evidence about immigration policies would necessarily be relevant only to a nullification defense. As the government well knows, the place of the alleged assault was at a demonstration protesting immigration policies. Should the defense introduce evidence of this at trial, it will be because it is relevant to Mr. Lopez's defense and/or impeaching a witness.[1] Rather than asking the Court to prejudge the probative value and prejudicial impact of as-yet unseen evidence, the defense respectfully requests that the Court defer any rulings on specific evidence until trial.

//
//
//
//

---

[1] Mr. Lopez has a Fifth Amendment right not to disclose his defense or potential witnesses prior to trial. Absent an intention to raise one of the defenses enumerated in Rules 12.1, 12.2, or 12.3, the defense has no obligation to offer a "plausible defense" to the government at this point in the case.

1

## II. CONCLUSION

For all of the above reasons, the Court should deny the government's "Motion to Exclude Improper Evidence and Preclude Argument Seeking Jury Nullification."

                                        Respectfully submitted,

                                        CUAUHTEMOC ORTEGA
                                        Federal Public Defender

DATED: October 30, 2025        By  */s/ Kyra Nickell*
                                          KYRA NICKELL
                                          REBECCA M. ABEL
                                          Deputy Federal Public Defenders
                                          Attorney for ISAIAS LOPEZ