CUAUHTEMOC ORTEGA (Bar No. 257443)
Federal Public Defender
REBECCA M. ABEL (Bar No. 298604)
(E-Mail: rebecca_abel@fd.org)
KYRA NICKELL (Bar No. 328816)
(E-Mail: kyra_nickell@fd.org)
Deputy Federal Public Defenders
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone: (213) 894-2854
Facsimile: (213) 894-0081

Attorneys for Defendant
ISAIAS LOPEZ

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> ISAIAS LOPEZ, <br><br> Defendant. | Case No. 2:25-cr-00705-MEMF <br><br> **DEFENDANT'S OPPOSITION TO GOVERNMENT'S MOTION *IN LIMINE* #4 TO EXCLUDE DEFENDANT'S OTHER PROTEST FOOTAGE** <br><br> Hearing Date: November 5, 2025 <br> Hearing Time: 3:00 p.m. <br> Hon. Maame Ewusi-Mensah Frimpong |

1     Defendant Isaias Lopez, by and through his undersigned counsels of record, Rebecca M. Abel and Kyra Nickell, hereby opposes the government's motion in limine to exclude defendant's other protest footage.

    This motion is based on the attached memorandum of points and authorities, the attached exhibits, all files and records in this case, and any argument presented at any hearing on this matter.

                                Respectfully submitted,

                                CUAUHTEMOC ORTEGA
                                Federal Public Defender

DATED: October 30, 2025        By  */s/ Rebecca Abel*
                                REBECCA M. ABEL
                                KYRA NICKELL
                                Deputy Federal Public Defenders
                                Attorney for ISAIAS LOPEZ

# MEMORANDUM OF POINTS AND AUTHORITY

## I. INTRODUCTION

On the date of the incident, August 8, 2025, the government seized Mr. Lopez' professional photographic camera. He had been using it to photograph the protestors and the officers on August 8. The defense has made numerous requests[1] to inspect the camera and to obtain its own copy of the contents of Mr. Lopez' camera consistent with Federal Rule of Criminal Procedure 16(a)(1)(E)(iii).[2] To date, the government has not complied, contending it would create and share its own forensic copy, and only then will permit inspection of the evidence and will not permit the defense to create its own copy.[3] Instead, the government selected certain thumbnails from the camera and produced them in discovery. Those thumbnails are the images the government now seeks to exclude at trial. (Dkt. No. 35-1, Ex. A.) The are images taken by Mr. Lopez at protests all around the county in the 4 weeks prior to the August 8 incident.

Despite the evidence the government has in its possession demonstrating that Mr. Lopez is an independent journalist and photographer who has covered protests around the county, the government insists on labelling Mr. Lopez as a protestor. (*See, e.g.*, Dkt. No. 32 at 2 ("FPS officers instructed protestors, including defendant . . . ."); Dkt. No. 31 at 1 ("defendant participated in a demonstration outside the Roybal Federal Building.").) Mr. Lopez was not a protestor, and the evidence the government "preliminarily" seized from his camera proves just that. Mr. Lopez is entitled to counter false inferences introduced by the government at trial using the evidence the

---

[1] These requests were made by the defense in writing on the following dates: August 25, 2025, September 29, 2025, October 10, 2025, October 15, 2025, October 28, 2025.

[2] That rule provides that "[u]pon a defendant's request, the government must permit the defendant to inspect and to copy or photograph . . . data, photographs, tangible objects, . . . if the item is within the government's possession, custody, or control and . . . (iii) the item was obtained from or belongs to the defendant."

[3] Should the government fail to comply with its obligations under Rule 16, the defense will file a motion to compel.

1

1  government produces. For this reason, the evidence is relevant and admissible under
2  Rule 403.

## II. ARGUMENT

The "opening the door" principle allows parties "to introduce evidence on the same issue to rebut any false impression that might have resulted from the earlier admission." *United States v. Whitworth*, 856 F.2d 1268, 1285 (9th Cir. 1988). The government has made abundantly clear in its filings in this case that it—and its witnesses—intend to paint Mr. Lopez as a protestor, despite him undisputably carrying and using a "professional-grade camera." (Ex. A, Ranjo Rpt. (describing Mr. Lopez as a "large male demonstrator").) This testimony will create a false impression on the jury. As the evidence the government seeks to exclude in this motion demonstrates, Mr. Lopez was not a protestor; he was a photographer and independent journalist covering protests around Los Angeles for several months. (Dkt. No. 35-1.) Mr. Lopez is entitled to counter the government's false impression with non-hearsay photographs produced by the government pursuant to its seizure and search warrant of the "professional-grade camera" Mr. Lopez was using on August 8. *See United States v. Segall*, 833 F.2d 144, 148 (9th Cir. 1987) ("Segall's attorney "opened the door" to the testimony by introducing on cross-examination evidence which created the false impression that Segall retained the entire $173,000 in her bank accounts until June 9, 1986. The testimony on redirect was also admissible to remove any unfair prejudice which might have resulted from the evidence Segall introduced on cross-examination." (internal citation omitted).)

The fact that Mr. Lopez is a photographer, not a demonstrator, is relevant to the charged conduct. His purpose and role at the protest explains his conduct—taking photographs—which undisputably form the basis for the initial interaction between Inspector Ranjo and Mr. Lopez. (Ex. A at 06.) They also are relevant to substantiating Mr. Lopez' intent, motive, and state of mind at the protest; he was there to do what he had done at every other protest in the last month: photograph it. *See* Fed. R. Evid.

404(b). Further, it is relevant to Mr. Lopez' defense that Ranjo was angry and irritated that he and the other officers were being photographed by the media; he was not merely performing his "official duties," he was acting out of anger. Ninth Cir. Crim. Jury Inst. No. 8.1. That anger motivated Inspector Ranjo to be the initial aggressor in the interaction between him and Mr. Lopez, a crucial element of his self-defense defense. Ninth Cir. Crim. Jury Inst. No. 5.10; see Mueller & Kirkpatrick, Fed. Evid. § 4:13 Reasons for exclusion—Unfair prejudice (4th ed. July 2025) (noting the relevance of "the state of mind of the victim . . . if self-defense were an issue because then the victim's attitude would bear on the question whether he started the affray" (internal parentheticals omitted)).

      To be clear, the defense does not seek to introduce all of the photographs appended to the government's motion (Dkt. No. 35-1). It will limitedly seek to introduce at most 3 images to demonstrate Mr. Lopez' purpose, intent, and motive for being at the protest on August 8. The defense cannot yet select which images it intends to introduce, as the government has not yet produced the complete forensic image of the contents of the camera.

      Given the relevance of the images, and the limited number the defense plans to introduce, any objections under Rule 403 are moot. The defense does ***not*** plan to illicit any evidence regarding (1) the details of the nature any other protest or Mr. Lopez' activities at them; (2) the police response at any of these protests; or (3) his political motivations. (Dkt. No. 35 at 4.) The purpose of the images is purely to substantiate Mr. Lopez' purpose for being at the August 8 protest; to show that his intent in attending the August 8 protest was the same as it had been at the July 29 Gaza protest and the July 7 Union del Barrio protest: to photograph them. A limiting instruction could remedy any "unfair prejudice" from the introduction of these 3 photographs. Such an instruction could state: "You may consider this evidence in determining Mr. Lopez' intent and purpose for being at the Roybal Federal Building on August 8, and for no other purpose."

Because the evidence is extremely limited, on an issue that the government has injected into the trial, and goes to the defendant's intent and purpose at the time of the charged conduct, it is highly probative, and not outweighed by any confusion—which can be cured by an instruction, if necessary, nor would waste any time.

### III. CONCLUSION

For the foregoing reasons, the defense respectfully requests that the Court deny the government's motion in limine #4 to exclude all evidence from defendant's camera capturing other protests.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED: October 30, 2025         By  /s/ Rebecca Abel
                                REBECCA M. ABEL
                                KYRA NICKELL
                                Deputy Federal Public Defenders
                                Attorney for ISAIAS LOPEZ