BILAL A. ESSAYLI
First Assistant United States Attorney
ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division
RAHUL R.A. HARI (Cal. Bar No. 313528)
ERIC L. MACKIE (Cal. Bar. No. Pending)
Assistant United States Attorneys
General Crimes Section
    1200 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-6159 / -3289
    Facsimile: (213) 894-0141
    Email:    Rahul.Hari@usdoj.gov
              Eric.Mackie@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>        v.<br><br>ISAIAS LOPEZ,<br><br>    Defendant. | No. 2:25-cr-00705-MEMF<br><br><u>GOVERNMENT TRIAL MEMORANDUM</u><br><br>Hearing Date: Nov. 5, 2025<br>Hearing Time: 3:00 p.m.<br>Location:   Courtroom of the Hon.<br>                  Maame Ewusi-Mensah<br>                  Frimpong |

      Plaintiff United States of America, by and through its counsel of record, the First Assistant United States Attorney for the Central District of California and Assistant United States Attorneys Rahul R.A. Hari and Eric L. Mackie, hereby files its Trial Memorandum.

Dated: October 30, 2025

Respectfully submitted,

BILAL A. ESSAYLI
First Assistant United States Attorney

ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division

　　　　/s/
ERIC L. MACKIE
RAHUL R.A. HARI
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

2

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

Defendant ISAIAS LOPEZ ("defendant") will soon stand trial for assault on a federal officer, in violation of 18 U.S.C. § 111(a)(1). The offense is a felony, as the evidence will show that defendant intentionally and forcibly made physical contact with a federal officer engaged in the performance of his official duties.

This is a straightforward case. On the evening of August 8, 2025, defendant approached the Roybal Federal Building and U.S. Courthouse in downtown Los Angeles, where Federal Protective Service ("FPS") officers were stationed to protect federal personnel and property. Ignoring repeated instructions to remain off restricted federal property, defendant entered the loading-dock area holding a professional-style camera and began aggressively confronting the officers assigned there. Defendant moved within inches of FPS Inspector L.R., pressed his camera toward the inspector's face, and struck him on the bridge of the nose with the camera lens. When Inspector L.R. pushed the defendant's arm away and instructed him to step back, defendant shouted "fuck you" and shoved the inspector in the chest.

The assault was captured on video and corroborated by multiple law-enforcement witnesses.

Trial is set to commence on November 10, 2025, at 8:30 a.m. before this Court.

**II.   Length of Trial and Number of Witnesses**

Government Case: The government estimates that presentation of its case-in-chief will take approximately two hours, not including

defense's cross-examination.  The government currently anticipates calling the following five witnesses in its case-in-chief[1]:

- FPS Inspector L.R. (victim)
- FPS Inspector William Terpstra
- FPS Inspector Gary Wilson

<u>Government Exhibits</u>: The government will seek to admit approximately 15-20 exhibits, which primarily include videos of the assault, still photos from the videos, photographs of the victim, and the camera defendant used to assault Inspector L.R.

<u>Defense Case</u>: The defense case appears to center around making this a trial about an unsupported self-defense theory and what happened after defendant's assault of Inspector L.R. – i.e., when defendant was arrested.

**III. THE ELEMENTS OF THE CRIME**

Defendant is charged with assault on a federal officer in violation of 18 U.S.C. § 111(a)(1).

**A.   Elements of the Offense**

To prevail, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant forcibly assaulted L.R.; and

Second, the defendant assaulted L.R. while L.R. was engaged in, or on account of, his official duties. Ninth Cir. Model Jury Instructions 8.1 (2022 ed.).

**B.   "Forcible Assault" Explained**

There is a forcible assault when one person intentionally strikes another, or willfully attempts to inflict injury on another,

---

[1] The government reserves the right to call additional witnesses in either its case-in-chief or rebuttal case (if any).

2

or intentionally threatens another coupled with an apparent ability to inflict injury on another which causes a reasonable apprehension of immediate bodily harm. Ninth Cir. Model Jury Instructions 8.1 (2022 ed.).

**C.    Mens Rea**

Section 111 is a general intent crime in the Ninth Circuit, and no intent to injure is required to prove this offense. <u>United States v. Sanchez</u>, 914 F.2d 1355, 1358 (9th Cir. 1990).

**D.    Self-Defense Elements, If Applicable**

It is a defense to the charge if (1) defendant did not know that L.R. was a federal officer, (2) defendant reasonably believed that use of force was necessary to defend oneself against an immediate use of unlawful force, and (3) defendant used no more force than appeared reasonably necessary in the circumstances. <u>See</u> Ninth Cir. Model Jury Instructions 8.3 (2022 ed.).

If defendant makes a prima facie showing of all three elements and is permitted to make a self-defense argument, the government must additionally prove at trial: (1) defendant knew that L.R. was a federal officer, (2) defendant did not reasonably believe force was necessary to defend against an immediate use of unlawful force, or (3) defendant used more force than appeared reasonably necessary in the circumstances. <u>See</u> id.

The government has moved to exclude any evidence or argument related to self-defense. (See Dkt. 30.) The motion is pending.

**IV.   PRETRIAL MOTIONS**

   1.    <u>Government Motions</u>

Government Motions:

3

- (1) Motion to Preclude Self-Defense Arguments (Dkt. 30).
- (2) Motion to Preclude Any Reference to, Testimony Regarding, or Argument that Defendants Conduct Was Protected by The First Amendment (Dkt. 31).
- (3) Motion to Preclude Irrelevant and Prejudicial Evidence Regarding Defendant's Arrest (Dkt. 32).
- (4) Motion to Preclude Jury Nullification Evidence or Argument (Dkt. 34).
- (5) Motion Exclude Defendants Other Protest Footage (Dkt. 35).

    2.   Defense Motions

Defense Motions:

- (1) Motion Requesting In Camera Review of Henthorn and Sworn Declaration of Compliance (Dkt. 36).
- (2) Motion to Exclude Inflammatory Language and the Actions of Non-Parties (Dkt. 37).
- (3) Motion to Compel Use of Force Materials (Dkt. 38).

**V.   LEGAL AND EVIDENTIARY ISSUES**

   **A.   Photographs and Video Surveillance**

The government intends to introduce photographs and video footage at trial. Admitting a photograph or video into evidence requires that the proponent meet only a very low hurdle. "Under the Federal Rules, the witness identifying the item in a photograph need only establish that the photograph is an accurate portrayal of the item in question." People of Territory of Guam v. Ojeda, 758 F.2d 403, 408 (9th Cir. 1985) (interpreting Fed. R. Evid. 901(b)(1)). The Ninth Circuit has held that "[p]hotographs are admissible as substantive as well as illustrative evidence." United States v. May, 622 F.2d 1000, 1007 (9th Cir. 1980).

4

Photographs and videos should be admitted so long as they fairly and accurately represent the event or object in question. See United States v. Oaxaca, 569 F.2d 518, 525 (9th Cir. 1978). Notably, "the witness who lays the authentication foundation need not be the photographer, nor need the witness know anything of the time, conditions, or mechanisms of the taking of the picture." 32 McCormick on Evid. § 215 (7th ed.). Rule 901(a) simply requires that a proponent of evidence make a prima facie showing of authenticity so that a reasonable juror could find "that the item is what the proponent claims it is." Fed. R. Evid. 901(a).

**B.    Lay Testimony**

Federal Rule of Evidence 701 "permits a lay witness to give opinion testimony as long as the opinion is (a) rationally based on the perception of the witness and (b) helpful to a clear understanding of the witness's testimony or the determination of a fact in issue." United States v. Pino-Noriega, 189 F.3d 1089, 1097 (9th Cir. 1999) (quotation marks omitted). The government anticipates eliciting testimony from its witnesses that defendant's strike of L.R. with his camera and push were intentional – as opposed to an accident or a mere brush – based on defendant's observable traits, including his demeanor, body movements, and the nature of the strike itself.

**C.    Defendant's Statements**

Under the Federal Rules of Evidence, a defendant's statement is admissible only if offered against her; a defendant may not elicit his own prior statements. See Fed. R. Evid. 801(d)(2)(A); United States v. Fernandez, 839 F.2d 639, 640 (9th Cir. 1988) (per curiam). To permit otherwise would place a defendant's statements "before the

5

jury without subjecting [herself] to cross-examination, precisely what the hearsay rule forbids." United States v. Ortega, 203 F.3d 675, 682 (9th Cir. 2000) (holding that the district court properly barred defendant from seeking to introduce his exculpatory post-arrest statements through cross-examination of government agent); United States v. Cunningham, 194 F.3d 1186, 1199 (11th Cir. 1999) ("[A] defendant cannot attempt to introduce an exculpatory statement made at the time of his arrest without subjecting himself to cross examination.").

When the government admits some of a defendant's prior statements, the door is not thereby opened to the defendant to put in all of his out-of-court statements. This is because, when offered by defendant, the statements are still inadmissible hearsay. See Fed. R. Evid. 801(d)(2); see also United States v. Burreson, 643 F.2d 1344, 1349 (9th Cir. 1981); United States v. Willis, 759 F.2d 1486, 1501 (11th Cir. 1985) (defendant's exculpatory statement inadmissible when offered by defense).

Similarly, a defendant's exculpatory statements are not admissible under Federal Rule of Evidence 106, the "rule of completeness." Evidence that is inadmissible is not made admissible by invocation of the "rule of completeness." See United States v. Collicott, 92 F.3d 973, 983 (9th Cir. 1996) (hearsay not admissible notwithstanding Rule 106). As the Ninth Circuit noted in Ortega, a defendant's non-self-inculpatory statements are inadmissible hearsay even if they were made contemporaneously with other self-inculpatory statements. Ortega, 203 F.3d at 682 (citing Williamson v. United States, 512 U.S. 594, 599 (1994)). The "rule of completeness" may require that all of a defendant's prior statements be admitted only

6

where it is necessary to explain an admitted statement, to place it in context, or to avoid misleading the trier of fact. See, e.g., United States v. Marin, 669 F.2d 73, 84 (2d Cir. 1982). The doctrine does not, however, require introduction of portions of a statement that are neither explanatory of, nor relevant to, the admitted passages. See Ortega, 203 F.3d at 682-683; Marin, 669 F.2d at 84. The burden is on the defendant to identify a basis for admitting additional portions of the defendant's prior statement. United States v. Branch, 91 F.3d 699, 729 (5th Cir. 1996).

The government will be admitting statements made by defendant. A defendant's out-of-court statement is admissible if offered against him by the government. Fed. R. Evid. 801(d)(2)(A).

### D. Scope of Cross-Examination of Defendant

If the defendant testifies at trial, he waives his right against self-incrimination, and the government will cross-examine him on all matters reasonably related to the subject matter of his testimony. See, e.g., Fitzpatrick v. United States, 178 U.S. 304 (1971) ("The defendant cannot assert a self-incrimination privilege 'on matters reasonably related to the subject matter of his cross-examination.'"); United States v. Black, 767 F.2d 1334, 1341 ("What the defendant actually discusses on direct does not determine the extent of permissible cross-examination or his waiver. Rather, the inquiry is whether 'the government's questions are reasonably related' to the subjects covered by the defendant's testimony.") (internal quotations and citation omitted).

The scope of cross-examination is within the discretion of the trial court. Fed. R. Evid. 611(b). The defendant has no right to avoid cross-examination on matters that call into question his claim

of innocence. United States v. Mehrmanesh, 682 F.2d 1303, 1310 (9th Cir. 1982); United States v. Miranda-Uriarte, 649 F.2d 1345, 1353-54 (9th Cir. 1981). The government, however, may introduce evidence should defendant "open the door." See United States v. Alexander, 48 F.3d 1477, 1488 (9th Cir. 1995), as amended on denial of reh'g (Apr. 11, 1995) ("When a defendant takes the stand and denies having committed the charged offense, he places his credibility directly at issue.").

### E. Affirmative Defenses and Reciprocal Discovery

Defendant has not given notice of his intent to rely on any defense of entrapment, mental incapacity, alibi, or any other affirmative defense outside of self-defense, despite the government's request for such notice of intent. Therefore, to the extent defendant may attempt to rely on such a defense, the government reserves the right to object and to move to preclude the defendant from asserting such a defense. The subject of self-defense is currently being litigated before this Court.

Rule 16 of the Federal Rules of Criminal Procedure creates certain reciprocal discovery obligations on the part of defendants to produce three categories of materials that they intend to introduce as evidence at trial: (1) documents and tangible objects; (2) reports of any examinations or tests; and (3) expert witness disclosure. Rule 16 imposes on defendants a continuing duty to disclose these categories of materials. Fed. R. Crim. P. 16(b)(1)(A), (b)(1)(C), and (c). In those circumstances where a party fails to produce discovery as required by Rule 16, the rule empowers the district court to "prohibit that party from introducing the undisclosed evidence," or it may "enter any other order that is just under the

circumstances." Fed. R. Crim. P. 16(d)(2)(C) and (D). To the extent defendant may attempt to introduce or use any evidence at trial that he has not produced to the government, such documents should be excluded. See Taylor v. Illinois, 484 U.S. 400, 415 (1988) (defendant's failure to comply with, or object to, government's discovery request before trial justified exclusion of unproduced evidence).

If defendant serves defense discovery on the government mid-trial, the government further seeks leave from the Court to have adequate time to review the provided discovery, run necessary criminal background checks, and request offers of proof from the defense as to any previously undisclosed witnesses.

To date, defendant has produced no reciprocal discovery.

**F.   Jury Nullification**

The government also reserves the right to object to any evidence and/or argument introduced for the purpose of jury nullification, including concerning punishment, the actions of law enforcement both after defendant's arrest and at other protest events, or national immigration policy and its effect on the community and/or individuals. A defendant has no right to present evidence relevant only to such a defense. United States v. Powell, 955 F.2d 1206, 1213 (9th Cir. 1992); Zal v. Steppe, 968 F.2d 924, 930 (9th Cir. 1992) (Trott, J., concurring) ("[N]either a defendant nor his attorney has a right to present to a jury evidence that is irrelevant to a legal defense to, or an element of, the crime charged.").

9