BILAL A. ESSAYLI
First Assistant United States Attorney
ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division
RAHUL R.A. HARI (Cal. Bar No. 313528)
ERIC L. MACKIE (Cal. Bar. No. Pending)
Assistant United States Attorneys
General Crimes Section
1200 United States Courthouse
312 North Spring Street
Los Angeles, California 90012
Telephone: (213) 894-6159 / -3289
Facsimile: (213) 894-0141
Email: Rahul.Hari@usdoj.gov
Eric.Mackie@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ISAIAS LOPEZ,<br><br>Defendant. | No. 2:25-cr-00705-MEMF<br><br><u>GOVERNMENT'S OPPOSITION TO DEFENDANT'S IN CAMERA FILING (Dkt. 40)</u><br><br>Hearing Date: Nov. 5, 2025<br>Hearing Time: 3:00 p.m.<br>Location: Courtroom of the Hon. Maame Ewusi-Mensah Frimpong |

Plaintiff United States of America, by and through its counsel of record, the First Assistant United States Attorney for the Central District of California and Assistant United States Attorneys Rahul R.A. Hari and Eric L. Mackie, hereby files its Opposition to defendant's <u>In Camera</u> Filing.

//

This Opposition is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: October 31, 2025

Respectfully submitted,

BILAL A. ESSAYLI
First Assistant United States Attorney

ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division

/s/
ERIC L. MACKIE
RAHUL R.A. HARI
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

The government objects to defendant ISAIAS LOPEZ's in camera filing dated October 30, 2025 (Dkt. 40). The filing was made without notice, justification, or any showing of good cause. In response to the government's inquiry that same day regarding the nature of the filing, defense counsel stated only: "No, we cannot." Defendant's objections to jury instructions filed thereafter describe the submission as a "trial brief," confirming that it was not privileged or sensitive, but rather an ordinary pretrial filing improperly made in secret.

There is no authority permitting a criminal defendant to litigate legal arguments, defenses, or evidentiary issues through in camera submissions. Such secrecy contravenes both the public's qualified right of access to judicial records and the government's right to respond to pretrial litigation affecting the conduct of trial. If, as defense counsel's later filings suggest, the in camera submission constitutes a "trial brief" or "offer of proof," it must be publicly filed. If instead it concerns Rule 17(c) subpoenas, the government must be permitted to review and, if appropriate, move to quash the subpoenas under established Ninth Circuit precedent.

Because defendant has failed to identify any compelling reason to justify secrecy, the in camera filing should be denied and unsealed.

## II. ARGUMENT

### A. Pretrial Offers of Proof Are Presumptively Public, and Defendant Cannot Litigate a Defense in Secret

To the extent defendant's in camera filing seeks to advance a defense or make an offer of proof, the submission should be rejected or unsealed. The Ninth Circuit has long held that pretrial filings – and defense offers of proof specifically -- are presumptively public and may be sealed only upon a compelling showing of necessity. See United States v. Carpenter, 923 F.3d 1172, 1179-80 (9th Cir. 2019).

In United States v. Carpenter, the defendant sought to seal her pretrial offer of proof supporting a duress defense, arguing that requiring disclosure to the government was unfair and conflicted with ethical duties of confidentiality. Id. The Ninth Circuit rejected that argument and reaffirmed the "strong presumption in favor of public access" to pretrial offers of proof. Id.(quoting Kamakana v. City & County of Honolulu, 447 F.3d 1172, 1178-79 (9th Cir. 2006)).

The court emphasized that the presumption of access may be overcome only by a "compelling reason" supported by specific factual findings -- not mere speculation, strategic preference, or generalized concerns about revealing defense theories. Id. As the Ninth Circuit explained:

> [The defendant] asserts only general principles as to why her proffer should remain sealed, but the fundamental starting point is that the proffer is entitled to a 'strong presumption in favor of access.' . . . Her speculative arguments as to prejudice are unmoored from the facts of the case.

Id. at 1180.

The court further held that neither concerns about the government previewing defense testimony nor general confidentiality obligations justified secrecy, reasoning that these considerations

"are insufficient to overcome the presumption of access." Id. The Ninth Circuit ultimately affirmed the district court's denial of the motion to seal, concluding that offers of proof concerning defenses are presumptively public and that defendants cannot litigate affirmative defenses "in secret." Id.; see also United States v. Lopez, 818 F. App'x 654, 656 (9th Cir. 2020) (finding that the defendant's concerns about "revealing confidential case strategy" and "being forced to ... preview all of the evidence and all of a defendant's own testimony supporting the duress defense" are not "compelling reasons").

The same reasoning applies here. If defendant's in camera filing constitutes a trial brief or offer of proof, he is attempting to litigate in secret issues that go directly to the presentation of his case at trial. Like Carpenter, defendant has not identified any specific harm or legal basis for secrecy -- only a refusal to disclose the nature of the filing. Such blanket secrecy violates the principles set forth in Carpenter.

Moreover, any purported concern that revealing the defense theory would allow the government to "prepare" or "bolster its witnesses" is both speculative and irrelevant. In Carpenter, the defendant made precisely that argument, claiming the government would gain a tactical advantage by previewing her duress testimony. The Ninth Circuit rejected that claim outright, holding that such "hypothetical disadvantage" is not a compelling reason to override the public's right of access. 923 F.3d at 1180.

Here, the government is entitled to know whether defendant intends to advance an affirmative defense -- such as self-defense -- so that it can raise any necessary pretrial objections and avoid jury

confusion. Preventing the government from reviewing such filings hampers the Court's ability to adjudicate evidentiary issues fairly and efficiently.

Accordingly, under Carpenter and well-settled Ninth Circuit precedent, defendant's in camera filing should be denied or unsealed.

**B. Rule 17(c) Subpoenas Cannot Be Filed or Litigated in Camera**

If defendant's in camera filing instead relates to Rule 17(c) subpoenas, it is equally improper. Rule 17(c) authorizes compulsory process to obtain admissible, specific, and relevant evidence—but it is not a discovery tool or a vehicle for secret fishing expeditions. United States v. Nixon, 418 U.S. 683, 698–700 (1974); United States v. MacKey, 647 F.2d 898, 901 (9th Cir. 1981).

By filing such materials in camera, defendant prevents the government from meaningfully reviewing whether the requested subpoenas satisfy the Nixon test or whether they improperly seek impeachment or discovery material. See United States v. Fields, 663 F.2d 880, 881 (9th Cir. 1981) (holding that subpoenas for impeachment purposes are improper); Bowman Dairy Co. v. United States, 341 U.S. 214, 220 (1951) (Rule 17 cannot be used to circumvent Rule 16).

Courts in this District routinely recognize that both parties are entitled to access materials produced in response to Rule 17 subpoenas. See, e.g., United States v. McDermon, CR 16-613-JAK, Dkt. 65 at 3-4 (C.D. Cal. Oct. 12, 2016) ("Basic fairness warrants their production to both sides."); United States v. Alonzo, CR 15-009-DSF, Dkt. 46 at 3 (June 16, 2015) (same). A defendant who chooses to invoke Rule 17 "cannot unilaterally use helpful information without allowing the Government to rebut using harmful evidence gleaned from the same." Alonzo, Dkt. 46 at 3.

Accordingly, if defendant's in camera submission concerns Rule 17 subpoenas, the Court should order immediate disclosure of those materials to the government, as well as any documents obtained pursuant to them.

**III. CONCLUSION**

Defendant has provided no legal authority, factual basis, or good cause to justify litigating in secret. Whether the in camera filing purports to be a "trial brief," an "offer of proof," or a request for "Rule 17 subpoenas," it violates the fundamental presumption of public judicial proceedings and deprives the government of its right to review and respond.

For the foregoing reasons, the government respectfully requests that this Court deny defendant's in camera submission.