CUAUHTEMOC ORTEGA (Bar No. 257443)
Federal Public Defender
REBECCA M. ABEL (Bar No. 298604)
(E-Mail: rebecca_abel@fd.org)
KYRA NICKELL (Bar No. 328816)
Deputy Federal Public Defenders
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone: (213) 894-2854
Facsimile: (213) 894-0081

Attorneys for Defendant
ISAIAS LOPEZ

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

UNITED STATES OF AMERICA,

Plaintiff,

v.

ISAIAS LOPEZ,

Defendant.

Case No. 2:25-cr-00705-MEMF-1

**DEFENDANT'S MOTION TO RECONSIDER JURY INSTRUCTION ON UNLAWFUL FORCE**

**Hearing Date: November 5, 2025**
**Hearing Time: 3:00 p.m.**
**Hon. Maame Ewusi-Mensah Frimpong**

Defendant Isaias Lopez, by and through his undersigned counsels of record, Rebecca M. Abel and Kyra Nickell, hereby files this motion to reconsider the Court's ruling on the necessity of a jury instruction on "unlawful force."

This motion is based on the attached memorandum of points and authorities, all files and records in this case, and any argument presented at any hearing on this matter.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED: November 11, 2025

By *[/s/ Rebecca M. Abel]*

REBECCA M. ABEL
KYRA NICKELL
Deputy Federal Public Defender
Attorney for ISAIAS LOPEZ

**MEMORANDUM OF POINTS AND AUTHORITY**

**I.INTRODUCTION**

The defense moves the Court to reconsider giving an instruction defining "unlawful force" as used in the self-defense instruction. (Dkt. No. 71 at 7.)

This is the fourth trial in the last two months in this District where the government has alleged a person at an immigration protest assaulted a federal officer. In each of the prior three, the defense raised self-defense. In each of the prior three, the Court agreed to give a self-defense instruction. Ultimately, in the two that proceeded to trial on a self-defense theory, the standard self-defense instruction at Ninth Circuit Model Criminal Instruction No. 5.10 was given.[1]

That standard instruction at No. 5.10 reads as follows:

> The defendant has offered evidence of having acted in self-defense. Use of force is justified when a person reasonably believes that it is necessary for the defense of oneself or another against the immediate use of unlawful force. However, a person must use no more force than appears reasonably necessary under the circumstances.
> The government must prove beyond a reasonable doubt, with all of you agreeing, that the defendant did not act in reasonable self-defense.

Neither the instruction itself, nor its commentary include a definition of unlawful force.

The only other definition of self-defense in the Ninth Circuit Model Criminal Instructions relevant to assault cases is found at No. 8.3. However, that instruction pertains to a version of self-defense Mr. Lopez is ***not*** raising in this case. Model Instruction No. 8.3 concerns a self-defense instruction where the first element is that the defendant "did not know that [the victim] was a federal officer." Ninth Cir. Model Crim. Jury Instr. No. 8.3. Mr. Lopez is not raising this defense. In the Comment to Model Instruction No. 8.3 it states the instruction was upheld in *United States v. Span*, 970 F.2d

---

[1] *United States v. Katherine Carreno*, Case No. 25-CR-772-MWF, Dkt. No. 47, at 11 (C.D. Cal. Nov. 6, 2025); *United States v. Alexandria Augustine*, Case No. 2:25-CR-678-KS, Dkt. No. 80 at 17 (C.D. Cal. Oct. 10, 2025).

573 (9th Cir. 1992), but that No. 8.3 "would be inappropriate in a case where a defendant's theory of the case is self-defense against the use of excessive force by a federal law enforcement officer." Ninth Cir. Model Crim. Jury Instr. No. 8.3, Commentary (quoting *Span*, 970 F.2d at 577). In such a circumstance, as discussed further below, the proper instruction is Model Instruction No. 5.10, which is a modified version of No. 8.3, removing element one, which concerns whether the defendant knew the victim was a federal officer. See *United States v. Ornelas*, 906 F.3d 1138, 1147-48 (9th Cir. 2018). The remaining two elements of No. 8.3 are substantively identical to No. 5.10. Both instructions include the requirements that the government prove beyond a reasonable doubt that "the defendant reasonably believed that use of force was necessary to defend oneself against an immediate use of unlawful force" and "the defendant used no more force than appeared reasonably necessary in the circumstances." *Compare* No. 5.10 *with* No. 8.3. Model Instruction No. 8.3 also uses the phrase "unlawful force," but neither the instruction nor the commentary provide any further definition.

As the Court's standing order states:

> When the Manual of Model Jury Instructions for the Ninth Circuit provides an applicable jury instruction, the parties should submit the most recent version, modified and supplemented to fit the circumstances of the case. Where no Ninth Circuit instruction applies, the parties should consult the current edition of O'Malley, et al., Federal Jury Practice and Instructions. The parties may submit alternatives to these instructions only if there is a reasoned argument that they do not properly state the law or are incomplete. The Court seldom gives instructions derived solely from case law.

(Standing Order at 11.)

Nowhere in the Manual of Model Jury Instructions is there a definition of "unlawful force."[2] Nowhere in O'Malley's Federal Jury Practice & Instructions is there

[2] There are definitions relevant to "official duties," but those pertain to the second element of the § 111 charge. Ninth Circuit Model Instr. No. 8.1, Commentary

a definition of unlawful force. The self-defense instruction in O'Malley's is nearly identical to the Ninth Circuit's. *See* 2A Fed. Jury Prac. & Instr. § 45:19 (6th ed.) ("Use of force is justified when a person reasonably believes that it is necessary for the defense of oneself or another against the immediate use of unlawful force."). Although not determinative, it is relevant to note that none of the model instructions on self-defense in other circuits includes a definition of "unlawful force."[3] Therefore, any instruction this court gives on "unlawful force" would be derived solely from case law—a practice the Court's standing order disfavors.[4]

As relevant in this case, the defense intends to argue that Inspector Ranjo used unlawful force on Mr. Lopez because, at a minimum, (1) the force was excessive; and/or (2) the force was in retaliation for Mr. Lopez' First Amendment activity.[5] The defense's position is that a definition of "unlawful force" that tries to encapsulate all of the possible arguments raised by the defense would be misleading, confusing, and would invite unnecessary error. Any attempt to include an instruction encapsulating these theories would be novel, pull from a hodge-podge of case law, and risks being erroneous.

The purpose of the use of the phrase "unlawful force" in the instruction without further explication is to allow the parties to argue this issue to the jury. This makes sense

---

("For an instruction defining "official duties," see United States v. Ornelas, 906 F.3d 1138, 1149 (9th Cir. 2018) . . . ."). These instructions are not applicable to the third element, which is self-defense.

[3] *See, e.g.*, Pattern Criminal Jury Instructions: Sixth Circuit No. 6.06 (May 2025 ed.) ("A person is entitled to defend himself against the immediate use of unlawful force. But the right to use force in self-defense is limited to using only as much force as reasonably appears to be necessary under the circumstances."); Pattern Criminal Jury Instructions of the Seventh Circuit No. 6.01 (2023 ed.) ("A person may use force when he reasonably believes that force is necessary to defend [himself; another person] against the imminent use of unlawful force."); Tenth Circuit Criminal Pattern Jury Instructions No. 1.28 (Feb. 7, 2025 ed.) ("A person is entitled to defend [himself] [another person] against the immediate use of unlawful force.").

[4] The defense has reviewed the CALCRIM instruction Nos. 900 and 2670, as suggested in the Court's order. (Dkt. No. 71 at 7.) However, neither instruction included legal standards analogous to the facts of this case, and they were too dissimilar from Ninth Circuit law to be instructive.

[5] The defense reserves the right to supplement or change these arguments at trial, subject to the evidence introduced by the parties.

to leave to the jury because whether the force used was unlawful is to be judged from the perspective of the defendant, not from the perspective of an officer, nor even from the perspective of the Court. *See United States v. Celentano*, 126 F.4th 680, 687 (D.C. Cir. 2025) ("[T]he instruction given to the jury on the defense of another improperly required the jury to consider the use of use of force is force from a reasonable officer's perspective, rather than from Celentano's perspective."); *United States v. Keiser*, 57 F.3d 847, 857 (9th Cir. 1995) ("A defendant could, for example, successfully assert a claim of self-defense against an avowed pacifist, so long as the jury agrees that the *defendant reasonably believed unlawful force was about to be used against him*." (emphasis added)). Thus, if Mr. Lopez reasonably believed that Inspector Ranjo was about to use unlawful force, that is all that is required to permit him to use force in self-defense.[6] Therefore, a protracted jury instruction on what is or is not "unlawful force" that attempts to address all the arguments that might be raised by the defense is unnecessary. The jury need only decide whether Mr. Lopez could have reasonably believed the force was unlawful because it was excessive, retaliatory, or for any other reason.

It is for this very reason that the Ninth Circuit has found that no more than Model Instruction No. 5.10 is necessary in the context of a self-defense claim to a charge under 18 U.S.C. § 111(a). Focusing on an excessive force theory of unlawful force, the model Ninth Circuit instruction number 5.10 directs that "[f]or self-defense claims involving excessive force," the court should look to "*United States v. Ornelas*, 906 F.3d 1138, 1147-48 (9th Cir. 2018)." Ninth Cir. Model Crim. Jury Instr. No. 5.10, Commentary. *Ornelas* directs that the model self-defense instruction at 5.10 is appropriate without need for any modification in a case brought under 18 U.S.C. § 111(a), where the defense argues the force used by a federal law enforcement officer was unlawful because it was excessive.

---

[6] Of course, the force Mr. Lopez used must also be reasonable, but that it not relevant to the question of Ranjo's unlawful force. *See* Ninth Cir. Model Crim. Jury Instr. No. 5.10 ("[A] person must use no more force than appears reasonably necessary under the circumstances.").

In *Ornelas*, the defendant's "theory of the case was that [the federal law enforcement officer], by pointing his gun directly at [defendant], used excessive force—and that [defendant] thus acted in reasonable self-defense from the start." 906 F.3d at 1146. Consistent with that theory, the defense requested a jury instruction to supplement the "instruction on general self-defense," which is currently found at No. 5.10, that provided that a person has a right to defend themselves against an officer who uses excessive force. *Id.* The trial court rejected the defendant's proposed instruction, which defined unlawful force as "excessive force," and the trial court gave only the instruction currently at No. 5.10. *Id.* at 1147. The Ninth Circuit affirmed the trial court's decision to rely solely on the model instruction, stating "[t]hat instruction left [defendant] ample room to argue that [the officer's] use of force was excessive and therefore 'unlawful'—and that [the officer's] use of (allegedly) excessive force justified [defendant's] attempt to grab the gun." *Id.* The absence of language on excessive force "did not impair [defendant's] right to have the jury decide whether the government had proven that he had not acted in reasonable self-defense." *Id.* (internal quotation omitted). Ultimately, *Ornelas* "hold[s] that the general self-defense instruction . . . adequately covered the excessive force theory of self-defense that he presented to the jury." *Id.* at 1148; *see also United States v. Morsette*, 622 F.3d 1200, 1201-02 (9th Cir. 2010) (per curiam) (finding that in an assault case, the general self-defense instruction, currently at no. 5.10, "already covered Defendant's theory of self-defense in his home. The instruction required the jury to assess the reasonableness of the use of force 'under the circumstances.' The circumstances here included the fact that the incident took place in Defendant's home, and he was free to argue—and in fact did argue—that he had a right to defend his home and a right to defend himself in his own home.").

Consistent with *Ornelas* and *Morsette*, there is no legal reason to offer any supplemental definition of "unlawful force" to address the defense's theory that Inspector Ranjo's force was unlawful because it was excessive or retaliatory, or for any other reason unlawful. The "general self-defense instruction" at No. 5.10 adequately covers

these theories, without any supplement or modification. *Id.*

## II. CONCLUSION

For the foregoing reasons, the defense moves the Court to reconsider its decision to instruct the jury on the definition of "unlawful force."

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED: November 11, 2025

By */s/ Rebecca M. Abel*

REBECCA M. ABEL
KYRA NICKELL
Deputy Federal Public Defender
Attorney for ISAIAS LOPEZ